## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT ALLEN AND DAWN ALLEN; Individually and as Best Friend and Guardian of R.A., a minor child, | §<br>§<br>§<br>§<br>§<br>§ | CASE NO. |
| Plaintiffs, | § | |
| v. | §<br>§<br>§ | **JURY TRIAL DEMANDED** |
| CAM'S TRANSPORT COMPANY; and PIERCE COLLINS, | §<br>§<br>§ | |
| Defendants. | § | |

---

## COMPLAINT

---

COME NOW Robert Allen and Dawn Allen, individually and on behalf of their minor child, R.A., and file their complaint, and show unto the Court as follows:

## PARTIES

1. Plaintiffs Robert Allen ("Mr. Allen"), Dawn Allen ("Mrs. Allen"), and R.A. (collectively "Plaintiffs") are residents and citizens of the state of Indiana.

2. Defendant, Cam's Transport Company (hereinafter "Cam's Transport") is a motor carrier with its principal place of business located at 2985 Elbib Drive, Saint Cloud, Florida, 34772, and was transacting business in the State of Tennessee on the date at issue.

3. According to the Florida Secretary of State, Defendant Cam's Transport is incorporated in the state of Florida as a domestic for-profit corporation with a principal place of business of 2985 Elbib Drive, Saint Cloud, Florida, 34772.

4. Defendant Cam's Transport can be served, according to the Federal Motor Carrier Safety Administration, with a copy of the complaint and summons through its BOC-3 agent, Lisa Blackwell, 1477 Joppa Road, Walling, Tennessee 38587.

5. Defendant Cam's Transport is a motor carrier registered with U.S. Department of Transportation under DOT number 2842614 and MC number 952317.

6. Upon information and belief, Defendant Pierce Collins is a citizen of the state of Florida and can be served with a copy of the complaint and summons at 4540 Commander Drive, Apt. 2214, Orlando, Florida, 37822.

7. **NOT TO BE READ TO THE JURY**: Plaintiffs allege that one or more of the Defendants is uninsured, or underinsured, and as such invoke their contractual rights with their insurance carrier, Geico Insurance, who can be served through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37242-1131.

## JURISDICTION & VENUE

8. Jurisdiction is proper to this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity amongst the parties and the value in controversy exceeds $75,000, exclusive of interests and costs.

9. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred within the judicial district.

## RELATIONSHIP & DUTIES OF THE PARTIES

10. Defendant Cam's Transport is an interstate motor carrier based out of Florida.

11. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and both Defendant Cam's

2

Transport and Defendant Pierce Collins were subject to and required to obey these regulations at the time of the wreck and at all relevant times prior to the wreck.

12. Defendant Cam's Transport is the owner of the tractor operated by Defendant Pierce Collins at the time of the wreck.

13. The tractor-trailer had a gross vehicle weight rating (GVWR) of 26,001 or more pounds, making it a commercial motor vehicle.

14. At the time of the wreck, Defendant Pierce Collins was an employee and/or agent of Defendant Cam's Transport.

15. At all times relevant hereto, Defendant Pierce Collins was a truck driver for Defendant Cam's Transport and was acting within the scope and course of the business of Defendant Cam's Transport.

16. At all times relevant hereto, Defendant Cam's Transport was acting by and through its employees/agents and is responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, negligent entrustment, negligent hiring of an independent contractor, or similar theory of law.

17. At all times relevant hereto, Defendants were acting in a joint enterprise.

18. Defendant Cam's Transport was a for-hire motor carrier transporting property in interstate commerce on the day of the wreck.

19. Defendant Cam's Transport had a duty to maintain the tractor-trailer to ensure the safety of citizens on the roads, interstates and highways.

20. Defendant Cam's Transport had a duty to properly hire qualified tractor-trailer drivers to ensure the safety of citizens on the roads, interstates and highways.

3

21. Defendant Cam's Transport had a duty to properly train its tractor-trailer drivers to ensure the safety of citizens on the roads, interstates and highways.

22. Defendant Pierce Collins had a duty to inspect the tractor-trailer before driving it to ensure the safety of citizens on the roads, interstates and highways.

23. Defendant Pierce Collins had a duty to give full attention to the traffic around him to ensure the safety of citizens on the roads, interstates and highways.

24. Defendant Pierce Collins had a duty to operate the tractor-trailer with the same care as other similarly situated tractor-trailer drivers to ensure the safety of citizens on the roads, interstates and highways.

## STATEMENT OF FACTS

25. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.

26. On November 28, 2021 at approximately 12:38 p.m., Defendant Pierce Collins was driving a tractor-trailer owned by Defendant Cam's Transport northbound on Interstate 75 in Knox County, Tennessee.

27. Defendant Pierce Collins was transporting property in interstate commerce for Defendant Cam's Transport.

28. The weather was clear, and the interstate was dry.

29. In the area of the wreck, Interstate 75 is a divided public interstate highway with two lanes of travel in both the north and southbound directions, separated by a concrete median.

30. The speed limit in the area of the wreck was 55 miles per hour (mph).

31. The traffic in the northbound direction was moderate to heavy in the area of the wreck.

4

32. Defendant Pierce Collins was operating in the right hand travel lane on a downhill grade approaching a right curve in the roadway.

33. Defendant Pierce Collins failed to adjust his speed and following distance to account for the traffic and road conditions.

34. At the same time and place, Mr. Allen, operating a Ford truck and towing a camper, slowed and stopped his vehicle in the right hand travel lane due to the heavy stopped traffic ahead.

35. Minor child R.A. was a passenger in Mr. Allen's truck.

36. At the same time and place, Ms. Allen, operating a Buick sport utility vehicle, slowed and stopped her vehicle in the right hand travel lane behind Mr. Allen due to the heavy stopped traffic ahead.

37. The operator of a third vehicle similarly stopped her vehicle in the right hand travel lane behind Plaintiffs due to the heavy stopped traffic ahead.

38. Defendant Pierce Collins approached the downhill curve in the roadway without slowing his speed.

39. Defendant Pierce Collins was unable to slow his speed and stop in the right hand travel lane.

40. Defendant failed to maintain control of the tractor-trailer.

41. Defendant Pierce Collins attempted to veer into the passing lane at the last moment, but crashed into the left rear side of the third vehicle stopped behind Plaintiffs.

42. Defendant Pierce Collins then crashed into the rear and side of Mrs. Allen's vehicle, causing the following disabling damage:

5





6

43. Still unable to control the tractor-trailer, Defendant Pierce Collins careened forward and sideswiped Mr. Allen's vehicle and camper, as depicted in the following photographs:





7

44. Defendant Pierce Collins failed to give full attention to the roadway, endangering the safety of Plaintiffs and other motorists on the roadway.

45. Defendant Pierce Collins failed to maintain a safe speed.

46. Defendant Pierce Collins failed to maintain a safe following distance.

47. Defendant Pierce Collins failed to ensure there was a safe distance around the tractor-trailer.

48. Defendant Pierce Collins failed to exercise the due care a licensed commercial motor vehicle driver would use in the operation of the tractor-trailer.

49. Defendant Pierce Collins operated the tractor-trailer in a negligent, careless, reckless, and dangerous manner.

50. Mr. Allen is a member of the public.

51. Mrs. Allen is a member of the public.

52. Minor R.A. is a member of the public.

53. No act of Mr. Allen was a cause of the wreck.

54. No act of Mrs. Allen was a cause of the wreck.

55. No act of minor R.A. was a cause of the wreck.

56. No act of the third motorist (M.P.) that Defendant Pierce Collins crashed into was a cause of the wreck.

57. No failure to act by Mr. Allen was a cause of the wreck.

58. No failure to act by Mrs. Allen was a cause of the wreck.

59. No failure to act by minor R.A. was a cause of the wreck.

60. No failure to act by the third motorist (M.P.) that Defendant Pierce Collins crashed into was a cause of the wreck.

8

61. Mr. Allen bears zero percent (0%) fault for the wreck.

62. Mrs. Allen bears zero percent (0%) fault for the wreck.

63. Minor R.A. bears zero percent (0%) fault for the wreck.

64. Mr. Allen was seriously injured as a result of the wreck.

65. Mrs. Allen was seriously injured as a result of the wreck.

66. Minor R.A. was seriously injured as a result of the wreck.

## COUNT I
## NEGLIGENCE OF CAM'S TRANSPORT
## NEGLIGENT HIRING, TRAINING, ENTRUSTMENT,
## SUPERVISION, RETENTION, AND MAINTENANCE

67. All preceding statements and allegations of the complaint are incorporated and realleged as if expressly set forth herein.

68. Regardless of the employment relationship, Defendant Cam's Transport is the registered owner of DOT number 2842614 and MC number 952317, displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that commercial motor vehicle.

69. At all times relevant to this cause of action, Defendants Cam's Transport and Pierce Collins were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations ("FMCSR") (49 CFR §§ 301-399), either directly or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.08 and pursuant to T.C.A. §§ 65-15-101, 65-15-102 and 65-15-111.

70. The FMCSR was enacted to prevent crashes involving members of the public, such as Plaintiffs.

71. The Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

    a. Part 383   Commercial Driver's License Standards

b. Part 390    General

c. Part 391    Qualifications of Drivers

d. Part 392    Driving of Commercial Motor Vehicles

e. Part 393    Parts and Accessories Necessary for Safe Operation

f. Part 395    Hours of Service

g. Part 396    Inspections, Repairs, and Maintenance

72. Defendant Cam's Transport was required to teach and train Defendant Pierce Collins to understand and obey the rules and regulations contained in the FMCSR.

73. Defendant Cam's Transport was negligent, and grossly negligent, in:

a. failing to properly maintain the tractor-trailer involved in the collision;

b. failing to properly inspect the tractor-trailer involved in the collision;

c. hiring and/or contracting with Defendant Pierce Collins to drive the tractor-trailer at issue;

d. failing to train Defendant Pierce Collins on the provisions of the FMCSR and Commercial Driver's Manual;

e. failing to train Defendant Pierce Collins to properly drive the tractor-trailer;

f. failing to train Defendant Pierce Collins to properly inspect the tractor-trailer;

g. failing to train Defendant Pierce Collins to properly maintain the tractor-trailer;

h. entrusting Defendant Pierce Collins with the tractor-trailer;

i. failing to supervise Defendant Pierce Collins while driving the tractor-trailer;

j. retaining Defendant Pierce Collins to drive the tractor-trailer;

k. failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Pierce Collins; and

l. failing to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

10

74. Defendant Cam's Transport had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe and negligently failed to do so.

75. According to the Complete Safety Measurement System ("SMS") Profile, maintained by the Federal Motor Carrier Safety Administration, as of July 26, 2022, Defendant Cam's Transport had a vehicle out-of-service rate of 28.6%, well in excess of the national average of 21.4%, and a driver out-of-service rate of 19.2%, over three times the national average of 6%:[1]



76. The tractor-trailer operated by Defendant Pierce Collins was previously placed out-of-service on April 5, 2022 for multiple maintenance-related violations:[2]

| 4/5/2021 | MD3261001303 | MD | JC87PF | FL | TRUCK TRACTOR | 1 |
|---|---|---|---|---|---|---|
| Vehicle Maint. Violation: 393.75(a)(3) Tire-flat and/or audible air leak (OOS) | | | | | | 8 + 2 (OOS) |
| Vehicle Maint. Violation: 393.9T Inoperable tail lamp | | | | | | 6 |
| Vehicle Maint. Violation: 393.9(a) Inoperative Brake Lamps | | | | | | 6 |
| Vehicle Maint. Violation: 393.75C-OOS Tire-other tread depth less than 1/32 of inch measured in 2 adjacent major tread grooves 3 separate locations 8 inches apart | | | | | | 8 |

77. Additionally, Defendant Cam's Transport's drivers accrued the following violations relating to Unsafe Driving, hours-of-service ("HOS") compliance, and vehicle maintenance:[3]

---

[1] Safety Measurement System – Complete SMS Profile (U.S. DOT # 2842614) downloaded July 27, 2022; https://ai.fmcsa.dot.gov/SMS/Carrier/2842614/CompleteProfile.aspx.

[2] *Id.*

[3] *Id.*

11

| Violation Group Description | Violation | Descriptions | # of Violations | # of OOS Violations |
|---|---|---|---|---|
| Seat Belt | 392.16 | Failing to use seat belt while operating a CMV | 3 | 0 |
| Other Driver Violations | 392.22(a) | Failing to use hazard warning flashers | 1 | 0 |
| Dangerous Driving | 392.2C | Failure to obey traffic control device | 4 | 0 |
| EOBR Related | 395.22H1 | Driver failing to maintain ELD user's manual | 1 | 0 |
| EOBR Related | 395.22H2 | Driver failing to maintain ELD instruction sheet | 2 | 0 |
| EOBR Related | 395.22H3 | Driver failed to maintain instruction sheet for ELD malfunction reporting requirements | 1 | 0 |
| EOBR Related | 395.22H4 | Driver failed to maintain supply of blank drivers records of duty status graph-grids | 1 | 0 |
| Hours, Nominal | 395.3A2-PROPN | Driving beyond 14 hour duty period (Property carrying vehicle) - Nominal Violation | 1 | 0 |
| False Log | 395.8(e) | False report of drivers record of duty status | 5 | 4 |
| Windshield/ Glass/ Markings | 392.2WC | Wheel (Mud) Flaps missing or defective | 1 | 0 |
| Brakes, All Others | 393.45UV | Brake Tubing and Hose Adequacy Under Vehicle | 1 | 0 |
| Brakes Out of Adjustment | 393.47(e) | Clamp or Roto type brake out-of-adjustment | 1 | 0 |
| Brakes, All Others | 393.53(b) | CMV manufactured after 10/19/94 has an automatic airbrake adjustment system that fails to compensate for wear | 1 | 0 |
| Tires | 393.75(a)(3) | Tire-flat and/or audible air leak | 2 | 2 |
| Tires | 393.75(c) | Tire-other tread depth less than 2/32 of inch measured in a major tread groove | 2 | 0 |
| Tires | 393.75C-OOS | Tire-other tread depth less than 1/32 of inch measured in 2 adjacent major tread grooves 3 separate locations 8 inches apart | 1 | 0 |
| Exhaust Discharge | 393.83(g) | Exhaust leak under driver and/or sleeper compartment | 1 | 0 |
| Clearance Identification Lamps/Other | 393.9 | Inoperable Required Lamp | 2 | 0 |
| Emergency Equipment | 393.95(a) | No/discharged/unsecured fire extinguisher | 3 | 0 |
| Emergency Equipment | 393.95(f) | No / insufficient warning devices | 1 | 0 |
| Lighting | 393.9(a) | Inoperative Brake Lamps | 1 | 0 |
| Lighting | 393.9T | Inoperable tail lamp | 1 | 0 |
| Lighting | 393.9TS | Inoperative turn signal | 1 | 1 |
| Inspection Reports | 396.17(c) | Operating a CMV without proof of a periodic inspection | 2 | 0 |
| Wheels, Studs, Clamps, Etc. | 396.3(a)(1) | Inspection, repair and maintenance of parts and accessories | 1 | 0 |
| Brake Out Of Service | 396.3(a)1BOS | BRAKES OUT OF SERVICE: The number of defective brakes is equal to or greater than 20 percent of the service brakes on the vehicle or combination | 1 | 1 |
| Other Vehicle Defect | 396.3A1-LLEAK | A liquid fuel system with a dripping leak at any point. | 1 | 1 |
| Other Vehicle Defect | 396.5(b) | Oil and/or grease leak | 3 | 0 |

78. Defendant Cam's Transport, through its agents and employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this Complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

    a.  the risks associated with failing to properly maintain its tractor-trailer;

    b.  the risk associated with failing to properly inspect its tractor-trailer;

    c.  the risks associated with failing to properly repair its tractor-trailer;

    d.  the risks associated with unsafe and unqualified drivers;

    e.  the risks associated with failing to train drivers to obey the FMCSR;

    f.  the risks associated with failing to train drivers to follow minimum driving standards for commercial drivers;

12

g.  the risks associated with failing to train drivers to follow minimum inspection standards for commercial drivers;

h.  the risks associated with failing to train drivers to follow minimum maintenance standards for commercial drivers;

i.  failing to ensure its routes could be driven within hours-of-service;

j.  requiring drivers to meet unrealistic driving goals which Defendant Cam's Transport knew, had reason to know, or should have known would cause its drivers to violate the hours-of-service regulations;

k.  failing to have policies and procedures in place to identify undertrained and unqualified drivers;

l.  failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Pierce Collins once he was hired;  and

m.  failing to use the composite knowledge reasonably available to Defendant Cam's Transport to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

79. The negligence of Cam's Transport was a proximate cause of the injuries sustained by Plaintiffs.

80. As a result of Defendant Cam's Transport's actions and inactions, Plaintiffs suffered serious injuries affecting their activities of normal daily living.

81. The negligence, and gross negligence, of Defendant Cam's Transport individually, or combined and concurring with the negligence of Defendant Pierce Collins, was a legal and proximate cause of the damages to Plaintiffs, for which they are entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

82. The injuries suffered by Plaintiffs are the type that are foreseeable consequences of a negligent act.

## COUNT II
## NEGLIGENCE OF PIERCE COLLINS

13

83. All preceding statements and allegations of the complaint are incorporated herein and realleged as if expressly set forth herein.

84. At the time of the wreck, Defendant Pierce Collins failed to exercise due care by failing to drive the tractor-trailer at a safe speed, failing to maintain a safe lookout, failing to keep the tractor-trailer under proper control, failing to devote full time and attention to operating the tractor-trailer, and operating the tractor-trailer in such a manner that resulted in a crash with Plaintiffs and another motorist.

85. The tractor-trailer driven by Defendant Pierce Collins was driven with the permission, and at the direction of, Defendant Cam's Transport.

86. Upon information and belief, the tractor-trailer driven by Defendant Pierce Collins was driven in the course and scope of his employment with the business of Defendant Cam's Transport.

87. Regardless of the employment relationship, Defendant Cam's Transport is the registered owner of DOT number 2842614 and MC number 952317 displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that vehicle.

88. At the time and place of this wreck, Defendant Pierce Collins was generally negligent under the circumstances then and there existing in that he:

    a. failed to keep a proper lookout;

    b. failed to reduce his speed to account for the road and traffic conditions;

    c. failed to keep his vehicle under control;

    d. failed to maintain a safe following distance;

    e. failed to maintain a safe distance around his vehicle;

    f. failed to ensure that he could safely change lanes;

    g. failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the wreck;

h.  drove in a careless manner;

i.  drove in a reckless manner;

j.  failed to operate his vehicle in a manner considerate of the safety and lives of other persons lawfully on the roadway;

k.  failed to inspect his vehicle in a manner considerate of the safety and lives of the others persons lawfully on the road; and

l.  such other actions or inactions that may be shown at a hearing of this cause.

89. Defendant Pierce Collins' negligence was a direct and proximate cause of the collisions with Plaintiffs.

90. Defendant Pierce Collins' negligence was a direct and proximate cause of the injuries suffered by Plaintiffs.

91. As a result of Defendant Pierce Collins' actions and inactions, Plaintiff suffered serious injuries affecting their activities of normal daily living.

92. The negligence, and gross negligence, of Defendant Pierce Collins individually, or combined and concurring with the negligence of Defendant Cam's Transport, was a legal and proximate cause of the damages to the Plaintiffs, for which they are entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

93. The injuries suffered by Plaintiffs are the type that are foreseeable consequences of a negligent act.

## COUNT III
## NEGLIGENCE *PER SE*

94. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.

15

95. At the time and place of this wreck, Defendant Pierce Collins was negligent *per se* in that he violated one or more of the statutes of the State of Tennessee to include, but not be limited to:

a. T.C.A. § 55-8-103     Required Obedience to Traffic Laws;

b. T.C.A. § 55-8-117     Overtaking and Passing of Vehicles;

c. T.C.A. § 55-8-123     Failure to Maintain Lane;

d. T.C.A. § 55-8-124     Following Too Closely;

e. T.C.A. § 55-8-136(b)     Failure to Exercise Due Care;

f. T.C.A. § 55-8-142     Failure to Make Safe Lane Change; and

g. T.C.A. § 55-10-205     Reckless Driving.

96. Defendant Pierce Collins was subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.08 and pursuant to T.C.A. §§ 65-15-101, 65-15-102 and 65-15-111, at the time and date of the wreck.

97. Defendant Pierce Collins will be shown at trial to have violated one or more of the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

a. Part 383    Commercial Driver's License Standards

b. Part 390    General

c. Part 391    Qualifications of Drivers

d. Part 392    Driving of Commercial Motor Vehicles

e. Part 393    Parts and Accessories Necessary for Safe Operation

f. Part 395    Hours of Service

16

g. Part 396    Inspections, Repairs, and Maintenance

98. The negligence, and gross negligence, of Defendant Pierce Collins individually, or combined and concurring with the negligence of Defendant Cam's Transport, was a legal and proximate cause of the damages to the Plaintiffs, for which they are entitled to receive restitution for past, present and future economic and non-economic damages to the extent allowed by law.

99. The injuries suffered by Plaintiffs are the type that are foreseeable consequences of a negligent act.

## COUNT IV
### *RESPONDEAT SUPERIOR*

100.    All preceding statements and allegations of the complaint are incorporated herein and realleged as if expressly set forth herein.

101.    At all times relevant hereto, Defendant Cam's Transport was acting by and through its employees/agents, among them Defendant Pierce Collins, and are responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, or similar theory of law.

## COUNT V
### DAMAGES

102.    All preceding statements and allegations of the complaint are incorporated herein and realleged as if expressly set forth herein.

103.    As a direct and proximate result of the Defendants' negligence, Plaintiffs were made to suffer economic and non-economic damages of a type for which the law allows them to seek restitution from Defendants.

104.    The damages suffered by Plaintiffs fall within the foreseeable range of harms that result from Defendants' negligence.

105.     As set forth more fully in the facts hereinabove, each of the Defendants acted in a willful, wanton and reckless manner which either alone, or combined and concurring with the actions of the other Defendants' acts of negligence, directly and proximately caused the collision and the Plaintiffs' injuries.

106.     Defendants knowingly, intentionally, recklessly, and/or willfully disregarded the Federal Motor Carrier Safety Regulations.

107.     Defendants' conduct constituted a conscious disregard for the life and safety of the Plaintiffs, and for the lives and safety of the motoring public generally, and these Defendants are therefore liable for exemplary or punitive damages.

**WHEREFORE,** Plaintiffs pray that the following relief be granted:

a.   A trial by jury;

b.   For Summons and Complaint to issue against Defendants;

c.   For judgment against the Defendants, to compensate Plaintiffs for their past, present, and future economic and non-economic damages;

d.   For judgment in favor of Mr. Allen against the Defendants in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case, not to exceed the sum of $1,000,000 as restitution for his past, present, and future economic and non-economic damages;

e.   For judgment in favor of Mrs. Allen against the Defendants in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case, not to exceed the sum of $1,000,000 as restitution for her past, present, and future economic and non-economic damages;

f.   For judgment in favor of minor child R.A. against the Defendants in an amount the jury

18

believes to be just, fair and equitable, given the facts and after hearing the issues in this

case, not to exceed the sum of $1,000,000 as restitution for his past, present, and future

economic and non-economic damages;

g. For an award of punitive damages against the Defendants in an amount the jury believes

to be just, fair and equitable, given the facts and after hearing the issues in this case,

not to exceed the sum of $3,000,000;

h. For Court costs and discretionary costs; and

i. For all such further and general relief which this Court deems just and proper.

Respectfully submitted,

**TRUCK WRECK JUSTICE, PLLC**


BY:   */s/ Danny R. Ellis*
      **DANNY R. ELLIS, BPR #020747**
      **MORGAN G. ADAMS, BPR # 013693**
      TRUCK WRECK JUSTICE, PLLC
      1419 Market Street
      Chattanooga, Tennessee   37402
      Telephone:   (423) 265-2020
      Facsimile:   (423) 265-2025

      *Attorneys for Plaintiff*