UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT ALLEN and DAWN ALLEN, Individually and as Best Friend and Guardian of R.A., a minor, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:22-CV-403-KAC-DCP ) |
| CAM'S TRANSPORT COMPANY, and PIERCE COLLINS, | ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Quash Deposition [Doc. 37], which seeks to preclude Defendants from taking the deposition of the minor Plaintiff, R.A. Defendants responded in opposition to the motion [Doc. 45]. Plaintiffs did not file a reply. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **DENIES** the motion [**Doc. 37**].

**I.    BACKGROUND**

Plaintiffs filed their Complaint on November 14, 2022 [Doc. 1]. According to the allegations in the Complaint, on November 28, 2021, Defendant Pierce Collins ("Defendant Collins") was operating a tractor trailer owned by Defendant Cam's Transport Company ("Defendant Cam's Transport") [*Id.* ¶ 26]. Plaintiff Robert Allen, who was operating a Ford truck and towing a camper, stopped in the right hand travel lane due to heavy traffic [*Id.* ¶ 34]. The minor child, R.A., was a passenger in Plaintiff Robert Allen's truck [*Id.* ¶ 35]. Plaintiff Dawn

Allen, who was operating a Buick sport utility vehicle, stopped behind Plaintiff Robert Allen due to the heavy traffic [*Id*. ¶ 36]. Another vehicle stopped behind Plaintiff Dawn Allen's vehicle [*Id*. ¶ 37]. Subsequently, Defendant Collins approached the roadway and did not adjust his speed [*Id*. ¶¶ 38–39]. He attempted to veer into the left lane, "but crashed into the left rear side of the third vehicle stopped behind Plaintiffs" [*Id*. ¶ 41]. He then "crashed into the rear and side of [Plaintiff Dawn] Allen's vehicle" and "sideswiped [Plaintiff Robert] Allen's vehicle and camper [*Id*. ¶¶ 42–43]. Based on the above, Plaintiffs allege negligence against Defendants and states that Defendant Cam's Transport is liable because it employs Defendant Collins [*Id*. ¶¶ 67–101].

On February 2, 2023, the Court entered a Scheduling Order [Doc. 20] and later modified it on two occasions at the request of the parties [*See* Docs. 24 & 30]. The most recent Scheduling Order directed the parties to complete discovery on April 1, 2024 [Doc. 30 p. 1].

On April 23, 2024, Plaintiffs filed their instant Motion to Quash Deposition [Doc. 37]. Specifically, Plaintiffs seek "to quash Defendants' unilaterally noticed deposition of R.A., a [m]inor on April 24, 2024, at 3:00 p.m. EST via Zoom" [*Id*. at 1]. According to Plaintiffs, "Defendants seek R.A.'s testimony to discuss R.A.'s damages and the events of the wreck" [*Id*. at 2]. Plaintiffs state that such testimony is duplicative because they have provided R.A.'s medical records to Defendants and both parents have testified about R.A.'s condition [*Id*.]. In addition, Plaintiffs state that R.A "has anxiety and autism [that] could provide excessive distress and be medically detrimental to R.A." [*Id*.]. In support of this latter reason, Plaintiffs provided a note from R.A.'s treating physician as follows:

> [R.A.] is under my care for the treatment of headaches and possible Charcot-Maria-Tooth disease. He has a history of autism and anxiety. He was involved in a car accident that is currently being brought to court. He is being asked to participate in a deposition for this court case. It is my medical opinion that participating in this deposition may be very stressful for [R.A.], and he should be

2

Case 3:22-cv-00403-KAC-DCP   Document 52   Filed 06/20/24   Page 2 of 10   PageID #: 556

excused from deposing. Due to his condition, participating in this
deposition may cause him excessive distress.

[Doc. 37-2]. Plaintiffs therefore "seek relief from this deposition and request[] a protective order prohibiting the deposition on R.A. from taking place" [Doc. 37 p. 2].

On April 24, 2024, the Court entered an Order directing "Defendants to respond to the motion within the time allowed under the Local Rules and to specifically address the expiration of the discovery deadline in the response" [Doc. 38]. On May 7, 2024, Defendants filed their response to the motion [Doc. 45]. In support of their motion, they also filed the Affidavit of Paige I. Bernick, their counsel [Doc. 45-1]. According to Attorney Bernick, the Court's second Scheduling Order set the deadline for discovery on December 15, 2023, but the parties "were unable to schedule Plaintiffs' and R.A.'s depositions until January 22, 2024, due to the holidays and Plaintiffs' counsel's conflicting trial dates" [*Id.* ¶ 7]. Following discussions with Plaintiffs' counsel, Defendants noticed R.A.'s deposition on December 21, 2023, setting it for January 22, 2024 [*Id.* (citation omitted)]. At this point, Attorney Bernick states that "Plaintiffs' counsel never mentioned an autism diagnosis during those conversations" and that "none of the discovery responses or records produced throughout the course of this litigation mentioned an autism diagnosis" [*Id.* ¶ 8]. On January 16, 2024, however, Plaintiffs' counsel told her about R.A.'s autism diagnosis [*Id.* ¶ 9]. Because Plaintiffs Robert and Dawn Allen did not want to expose R.A. to stress, "Plaintiffs' counsel indicated that he would file a motion for protective order if the defense attempted to depose R.A." [*Id.*]. After the parties' counsel conferred, they agreed to move forward with party depositions, except R.A.'s deposition, but defense counsel did not agree to forego it [*Id.*]. After taking several depositions and asking the Court for additional extensions, the parties began discussing mediation [*Id.* ¶¶ 10–13]. "Defense counsel agreed to stay, but again not forego, R.A.'s deposition until the parties mediated this case. The earliest mediation date that all

3

parties could attend was April 16, 2024" [*Id*. ¶ 13]. The mediation was not successful in resolving the claims [*Id*. ¶ 14].[1] Attorney Bernick states:

> Defense counsel's objective in taking the deposition of R.A. is to gather firsthand information about the incident as well as his claims for pain and suffering, loss of enjoyment of life, and emotional distress, and to learn about his school status and how the incident affected him. Defense counsel learned during the depositions of Plaintiffs Dawn and Robert Allen Sr., that R.A. attends public school and is on track to graduate with his peers, that he is an excellent student and participates in extra curricular activities such as speech club.
>
> As to the requested deposition of R.A., undersigned defense counsel will make reasonable accommodations in deposing R.A. A proposed accommodation could include a time limit of an hour of questioning and a deposition via Zoom, so R.A. can pick a location that is comfortable for him. [Attorney Bernick] is willing to discuss other reasonable accommodations as well.

[*Id*. ¶¶ 17–18]. Defendants now "request leave to depose R.A. with limitations to accommodate his diagnosis" [Doc. 45 p. 4].

## II. ANALYSIS

Under the circumstances of this case, the Court finds a brief extension warranted so that Defendants can depose R.A. The Court further finds that Plaintiffs have not shown good cause to preclude R.A.'s deposition but that the parties shall meet and confer to discuss any additional limitations, not already offered by Defendants, to prevent any undue stress.

### A. Defendants' Request for an Extension

Before turning to Plaintiffs' request for a protective order, the Court must address Defendants' request to take R.A.'s deposition outside of the deadline for discovery. As mentioned above, the discovery deadline expired on April 1, 2024, and Defendants sought leave to depose

---

[1] Attorney Bernick explains that the parties set several depositions in May 2024 [Doc. 45-1 ¶ 15].

R.A. beyond the deadline on May 7, 2024 [Doc. 45 p. 4]. Pursuant to Rule 6(b)(1)(B), if "a party requests an extension of a deadline after that deadline has passed, the Court can grant an extension only on a motion and upon a finding of good cause and excusable neglect." *Boyd v. City of Warren*, No. 16-12741, 2019 WL 1423244, at *2 (E.D. Mich. Mar. 29, 2019) (citation omitted), *objections overruled sub nom.*, *Boyd v. McCabe*, No. 16-CV-12741, 2019 WL 3852582 (E.D. Mich. Aug. 16, 2019). The Court has discretion to determine whether a party failed to act because of excusable neglect. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)) ("We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard." (citation omitted)). In deciding whether excusable neglect exists, courts balance what are commonly referred to as the *Pioneer* factors:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger*, 467 F.3d at 522 (citing *Pioneer Inv. Servs Co. v. Brunswick Assocs., Ltd. P'Ship*, 507 U.S. 380, 395 (1993)). The Sixth Circuit has explained that the "*Pioneer* factors do not carry equal weight; the excuse given for the filing must have the greatest import." *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) (quoting *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)).

Notably, while Plaintiffs object to Defendants taking R.A.'s deposition due to his mental health, they did not file a reply expressing any opposition to extending the discovery deadline. *AK v. Behav. Health Sys., Inc.*, 382 F. Supp. 3d 772, 774 (M.D. Tenn. 2019) (explaining that under caselaw, "when a party fails to respond to an argument, that argument is generally deemed to be unopposed and the proposition conceded" (citation omitted)); *see also* E.D. Tenn. L.R. 7.2

("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Nor did they mention the discovery deadline in their motion [*See* Doc. 37]. And here, Attorney Bernick states that she scheduled R.A.'s deposition for January 22, 2024, after discussions with Plaintiffs' counsel [Doc. 45-1 ¶ 7]. A few days prior to the deposition, Plaintiffs' counsel revealed R.A.'s autism diagnosis for the first time and indicated he would file a motion for protective order prohibiting the deposition of R.A. [*Id*. ¶ 9]. In light of this information, defense counsel stated that she would postpone R.A.'s deposition to a later date [*Id*.]. The parties then agreed to postpone depositions until they concluded their mediation [*Id*. ¶ 14]. While Defendants should have alerted the Court that additional depositions needed to be taken beyond the discovery deadline, given that defense counsel had already scheduled R.A.'s deposition in January 2024, the Court finds good cause to extend the discovery deadline. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (explaining that good cause is measured by the moving party's due diligence in attempting to meet the deadline) (citation omitted)).

The Court has also reviewed the *Pioneer* factors and finds that they weigh in favor of Defendants' request for an extension. First, other than R.A. having to sit for a deposition, there is no danger of prejudice to Plaintiffs. Second, while the discovery deadline expired on April 1, 2024, Defendants noticed R.A.'s deposition for April 24, 2024 [Doc. 37-1]. Even now, there is little impact, if any, on the judicial proceedings. With respect to the third and four factors, the Court finds that they weigh slightly in Defendants' favor because defense counsel had originally scheduled R.A's deposition for January 22, 2024, and afterwards, she was met with opposition; however, as noted above, the parties should have filed a motion requesting an extension of the discovery deadline given that they intended to proceed with additional discovery. Finally, there is no evidence in the record to show that Defendants were not acting in good faith.

Based on the circumstances of this case, including Plaintiffs' lack of opposition to an extension, the Court finds an extension of the discovery deadline warranted.

B. **Plaintiffs' Motion for Protective**

Plaintiffs seek a protective order under Rule 26(c), which provides, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull*, 11 F.R.D. 252, 254 (D.D.C. 1987)). The party requesting the protective order has the burden of establishing good cause. *Id*.

Plaintiffs present two bases for entering a protective order: (1) R.A.'s deposition is duplicative, and (2) R.A.'s mental health. With respect to the first reason, under Rule 26(b)(2)(C), "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery is unreasonably cumulative or duplicative, or can be obtained from other source that is more convenient, less burdensome, or less expense[.]" Fed. R. Civ. P. 26(b)(2)(C). But here, the Court cannot find that a deposition of R.A. is duplicative. Plaintiffs argue that they have provided the medical records for R.A. and that his parents have testified about his condition in their depositions [Doc. 37 p. 2]. But they do not expand on why the deposition of R.A. would be duplicative. In response, Defendants assert that they "should not be forced to only hear Plaintiffs describing the effect the incident has had on R.A." [Doc. 45 p. 7]. They argue:

> Defendants should be allowed to ask R.A. about any pain and
> suffering he has had as a result of the incident, any loss of enjoyment

7

of life he has had as a result of the incident, any change in the quality
of his life he has had as a result of the incident, and any emotional
distress he is claiming as a result of the incident.

[*Id*.]. According to Defendants, "[a]ll of these categories are damages Plaintiffs are seeking for R.A., so Defendants are entitled to hear what R.A. has to say about them" [*Id*.]. Plaintiffs did not rebut Defendants' assertions. The Court therefore finds Plaintiffs' first argument not well taken.

Relying on a doctor's note, Plaintiffs also assert that "putting R.A. through a deposition, when he has anxiety and autism could provide excessive distress and be medically detrimental to R.A. R.A's treating physician has advised against the deposition taking place" [Doc. 37 p. 2 (citing Doc. 37-2)]. Rule 30(a)(1) states that "[a] party may, by oral questions, depose any person, including a party . . ." Fed. R. Civ. P. 30(a)(1). "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Fjellman v. Forest Hill Co-op.*, No. CIV.A. 06-CV-14470-D, 2007 WL 1806173, at *2 (E.D. Mich. June 21, 2007) (quoting *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)); *see also Dang ex rel. Dang v. Eslinger*, No. 6:14-CV-37, 2014 WL 3611324, at *2 (M.D. Fla. July 22, 2014) ("Protective orders prohibiting depositions are rarely granted." (quoting *Bucher v. Richardson Hospital Authority,* 160 F.R.D. 88, 92 (N.D. Tex.1994)).[2]

Here, Plaintiffs rely on one note from R.A's treating physician, which opines in a conclusory fashion that in her "medical opinion[,] . . . participating in this deposition may be very stressful for R.A., and he should be excused from deposing. Due to his condition, participating in this deposition may cause him excessive distress" [Doc. 37-2]. Defendants argue that the Court cannot consider the treating physician's note because it constitutes hearsay [Doc. 45 pp. 8–9].

---

[2] Defendants assert that R.A. has the capacity to testify [Doc. 45 pp. 6–7]. It does not appear to the Court, however, that Plaintiffs submit that R.A. does not have the capacity to testify; instead, they submit that it will cause "excessive distress" for him to do so [Doc. 37 p. 2].

8

Although Plaintiffs do not respond to this argument, even if the Court considers the treating physician's note, the undersigned finds Plaintiffs have not established good cause to preclude the deposition. R.A.'s physician has not sufficiently explained why the deposition may be very stressful or cause him excessive distress—whether it be because of his anxiety, autism, or both [*See* Doc. 37-2]. She does not explain how any of these mental health conditions affect R.A.'s ability to function. And here, Plaintiffs have not rebutted defense counsel's assertions that during the depositions of Plaintiff Robert and Dawn Allen, they testified that R.A. "attends public school and is on track to graduate with his peers, that he is an excellent student and participates in extracurricular activities such as speech club" [Doc. 45-1 ¶ 17]. In other words, Plaintiffs have not shown that subjecting R.A. to a deposition will result in any clearly defined serious injury. *Nix*, 11 F. App'x 498; *see also Fjellman*, 2007 WL 1806173, at *3 (finding that while the minor had problems, the "[p]laintiffs ha[d] not shown that subjecting [the minor] to a deposition will result in any clearly defined and serious injury" (citation omitted)).

Further, Defendants have offered to make accommodations for R.A.'s deposition to prevent the deposition from becoming too stressful [Doc. 45 p. 9]. *See Fjellman*, 2007 WL 1806173, at *3 ("[T]he Court is convinced that some special procedures are required to prevent the deposition from becoming an undue hardship for [the minor]"). Specifically, they agree to "limit[] the deposition to an hour of questioning and conducting the questioning over Zoom, so R.A. may pick a location that is comfortable to him" [Doc. 45 pp. 9–10 (citation omitted)]. They also note that his parents can be present at the deposition [*Id*. at 10].

The Court finds Defendants' offers acceptable, and the Court **ORDERS** the parties to meet and confer regarding any additional reasonable accommodations that can be afforded to R.A. to

9

prevent the deposition from becoming unduly stressful. The parties **SHALL** complete the deposition **within ten (10) days** of this Memorandum and Order.

## III. CONCLUSION

For the reasons explained above, the Court **DENIES** Plaintiffs' Motion to Quash Deposition [**Doc. 37**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge