UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT ALLEN and DAWN ALLEN, Individually and as Best Friend and Guardian of R.A., a minor, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:22-CV-403-KAC-DCP ) |
| CAM'S TRANSPORT COMPANY, and PIERCE COLLINS, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Renewed Motion to Strike Plaintiffs' Complaint [Doc. 57], filed by Defendant Cam's Transport Company ("Defendant Cam") and Defendant Pierce Collins (together "Defendants"). Plaintiffs responded in opposition to the motion [Doc. 79], and Defendants did not reply. The motion is now ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **DENIES** the motion **[Doc. 57].**

Defendants ask the Court to "strike the allegations contained in paragraphs 75–78 [of Plaintiffs' Complaint] as the statements are impertinent, immaterial, and scandalous in nature" [Doc. 57 p. 1]. Defendant Cam made the same request in its previously filed Motion to Strike [Doc. 11]. This Court denied Defendant Cam's Motion to Strike concluding as follows:

> Turning to the language at issue and with this guidance in mind, the Court finds Defendant Cam's request to strike not well taken. The challenged language does not rise to the level of being redundant,

> immaterial, impertinent, or scandalous. Rather, the language alleges facts in support of Plaintiffs' negligence claim, and the Court finds at this stage of the litigation, the most appropriate course of action is to allow the parties to take discovery regarding these allegations.

[Doc. 21 p. 5].

The Court finds that Defendants' Renewed Motion to Strike is substantively similar to Defendant Cam's original motion to strike, except for formatting changes and an additional paragraph seeking relief under Rule 15(b) of the Federal Rules of Civil Procedure. The portion of Defendants' Renewed Motion to Strike filed pursuant to Rule 12(f) is untimely as they have filed this motion over a year after being served with Plaintiffs' Complaint [*See* Docs. 2 & 6]. *See* Fed. R. Civ. P. 12(f)(2) (A motion to strike must be filed "within 21 days after being served with the pleading"); *see also Sizzling Black Rock Steak House Franchising, Inc. v. Harold L. Kestenbaum, PC*, No. 21-CV-11621, 2023 WL 3676941, at *6 (E.D. Mich. May 26, 2023) (denying as untimely plaintiff's motion to strike that was filed eleven months after the relevant filing). Defendants asserts that "the court is not bound by the 21-day limitation in 12(f)(1) and 'may strike an insufficient pleading on its own initiative at any time'" [Doc. 58 p. 3 (citations omitted)]. While Defendants are correct that Rule 12(f)(1) allows the Court to strike material from a pleading on its own accord, the Court declines to do so. "The Sixth Circuit has cautioned that the 'drastic' remedy of striking a pleading should be granted 'only when the pleading to be stricken has no possible relation to the controversy.'" *Sizzling Black Rock Steak House Franchising, Inc.*, 2023 WL 3676941, at *7 (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Motions to strike are viewed with disfavor and are not frequently granted. *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822. As indicated above, the Court previously denied Defendant Cam's motion to strike on the merits, finding that "[t]he challenged language does not rise to the level of being redundant, immaterial, impertinent, or scandalous" [Doc. 21 p. 5]. For

2

the same reasons, the Court will not exercise its discretion under Rule 12(f)(1) to strike the relevant paragraphs of Plaintiffs' Complaint.

In its Renewed Motion to Strike, Defendants also ask the Court to strike paragraphs 75–78 of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 15(b). "Rule 15(b) is not applicable in this case because this case has not yet reached trial, and the plain language of the rule limits its applicability to 'Amendments During and After Trial.'" *Nolan v. Thomas*, No. 16-CV-12224, 2018 WL 3122597, at *10 (E.D. Mich. June 26, 2018) (footnote omitted).

For the reasons explained, the Court **DENIES** Defendants' Renewed Motion to Strike Plaintiffs' Complaint [**Doc. 57**].

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge