UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAWN ALLEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:22-CV-403-KAC-DCP |
| | ) | |
| CAM'S TRANSPORT COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the "Motion for Partial Dismissal Or, In the Alternative, Motion for Summary Judgement [sic]," filed by Defendant Cam's Transport Company [Doc. 31]. The Motion seeks dismissal of Plaintiffs' claims for punitive damages against Defendants Cam's Transport Company and Pierce Collins [Doc. 31 at 1].[1] For the reasons below, the Court **GRANTS** the Motion **in part** because the Complaint fails to state a claim for punitive damages against either Defendant.

**I.    Background**[2]

Defendant Cam's Transport Company ("CTC") is an interstate motor carrier [Doc. 1 ¶ 2]. At the time relevant to this litigation, CTC employed Defendant Pierce Collins as a

---

[1] Defendants are represented by the same counsel [*See* Doc. 7 at 2]. And the Motion appears to represent the interests of Defendants Cam's Transport Company and Collins [*See* Doc. 31 at 1 (requesting dismissal of Plaintiffs' "claim for punitive damages against Cam's and defendant Pierce Collins")]. Because counsel for both Defendants filed the Motion and Plaintiffs understand the Motion to represent the arguments and interests of both Defendants, [*see* Doc. 43 at 2 (referencing "Defendants' Motion")], the Court treats it as such.

[2] Because Plaintiffs are the nonmoving Parties, the Court describes the facts in the Complaint in the light most favorable to them. *See Caraway v. CoreCivic of Tenn., LLC*, 98 F.4th 679, 683 (6th Cir. 2024) (citation omitted).

1

driver [*See id.* ¶ 12]. On November 28, 2021, Collins was operating a CTC-owned commercial tractor-trailer traveling on "Interstate 75" "in Knox County," Tennessee [*Id.* ¶¶ 12, 26]. Plaintiffs Robert Allen and Dawn Allen were also traveling on Interstate 75 in two separate vehicles [*Id.* ¶¶ 34, 36]. R.A, the Allens' minor child, was riding in Mr. Allen's vehicle [*Id.* ¶ 35].

"[D]ue to [] heavy stopped traffic ahead," Mr. Allen and Mrs. Allen "slowed and stopped" their vehicles in the "right" "lane" one behind the other [*Id.* ¶¶ 34, 36]. At that time, Collins was driving behind them, in the same lane "on a downhill grade approaching a right curve in the roadway" [*Id.* ¶ 32]. Collins "failed to adjust his speed and following distance to account for the traffic and road conditions" [*Id.* ¶¶ 33, 38]. He lost control of the tractor-trailer, and was "unable to" "stop in the right" "lane" [*Id.* ¶ 39]. As a result, he "crashed [the tractor-trailer] into the left rear side of Mrs. Allen's vehicle" and then "sideswiped Mr. Allen's" vehicle and camper," causing damage to both vehicles and the camper [*Id.* ¶¶ 41-43]. Plaintiffs and R.A. were "seriously injured as a result of" the accident [*Id.* ¶¶ 64-66]. On "April 5, 2022," the tractor-trailer Collins was driving was "placed out-of-service" for "multiple maintenance related violations" [*Id.* ¶ 76].

The Complaint states that Collins was "grossly negligent" and "drove in a reckless manner" [*Id.* ¶¶ 88(i), 92]. It also asserts that CTC was "grossly negligent" in, among other things, "entrusting" Collins, and "failing to train" and "supervise" him [*Id.* ¶ 73]. Defendants "knowingly, intentionally, recklessly, and/or willfully disregarded the Federal Motor Carrier Safety Regulations" [*Id.* ¶106]. And "Defendants' conduct constituted a conscious disregard for the life and safety of the Plaintiffs" and "the lives and safety of the motoring public generally" [*Id.* ¶ 107].

Plaintiffs filed suit, raising claims for (1) negligence against CTC; (2) negligence against Collins; (3) "negligence per se" against Collins; and (4) "respondeat superior" against CTC [*See generally* Doc. 1]. Plaintiffs requested punitive damages from Defendants [*See id.* at 19].

In the "Motion for Partial Dismissal Or, In the Alternative, Motion for Summary Judgement [sic]," Defendants argue that the Court should (1) dismiss Plaintiffs' claims for punitive damages under Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to allege sufficient facts to support an entitlement or (2) in the alternative, grant summary judgment on the punitive damages claims [*See* Doc. 31 at 1-2]. Plaintiffs responded, arguing that "Defendants' Motion for Partial Dismissal must be converted to a Motion for Summary Judgement [sic] because Defendants have presented evidence beyond the initial pleadings" [Doc. 43 at 2]. Plaintiffs did not offer any response to the Rule 12(b)(6) argument [*See* Doc. 43]. Defendants replied [Doc. 49].

## II.    Analysis

As a preliminary matter, the Court must determine the scope of its review. When a party presents facts outside of the complaint in support of a Rule 12(b)(6) motion, Rule "12(d)'s text [] give[s] district courts [] two options." *Cotterman v. City of Cincinnati*, No. 21-3659, 2023 WL 7132017, at *4 (6th Cir. Oct. 30, 2023). The Court may "***expressly*** exclude outside-the-complaint materials ***or*** convert the motion to one for summary judgment." *See id.* (citing *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006) (second emphasis added)); *see also* Fed. R. Civ. P. 12(d). Here, the Court exercises its discretion to "exclude outside-the-complaint materials." *See Cotterman*, No. 21-3659, 2023 WL 7132017, at *4. The Court does not, and is not required to, convert the Motion to one for summary judgment.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Stanley v. W. Michigan Univ.*, 105 F.4th 856, 867 (6th Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *FedEx Ground*

3

*Package Sys., Inc. v. Route Consultant, Inc.*, 97 F.4th 444, 452 (6th Cir. 2024) (citation and quotations omitted) (emphasis added). The Court must construe the allegations in the Complaint in the light most favorable to Plaintiffs, "accept all well-pled factual allegations as true, and draw all reasonable inferences" in Plaintiffs' favor. *See Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

But the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice" to state a plausible claim. *See Willman v. U.S. Att'y Gen.*, 972 F.3d 819, 823 (6th Cir. 2020) (quotations and citation omitted). So too, "[t]hreadbare recitals of the elements of a cause of action and conclusory statements won't do." *Caraway*, 98 F.4th at 683 (cleaned up). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

The Parties assert that Tennessee law applies [*See* Docs. 32 at 5; 43 at 4]. A federal court sitting in diversity, as here, applies the choice of law rules of the forum in which it sits. *See Cassirer v. Thyssen-Bornemisza Collection Found.*, 596 U.S. 107, 115 (2022) (citation omitted). In a personal injury action, Tennessee applies the "law of the state where the injury occurred," "unless some other state has a more significant relationship to the litigation." *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992). Plaintiffs' alleged injury occurred in Tennessee, [*see* Doc. 1 ¶ 26], and no Party has identified any facts suggesting that another state has a more significant relationship. Therefore, Tennessee law applies. *See Hataway*, 830 S.W.2d at 59.

Under Tennessee law, punitive damages are available to deter "truly reprehensible conduct." *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992) (citation omitted).

4

Consequently, "they are available in cases involving only the most egregious of wrongs." *Sanford v. Waugh & Co.*, 328 S.W.3d 836, 849 (Tenn. 2010) (quoting *Hodges*, 833 S.W.2d at 901). A court may award punitive damages in a civil action only where the defendant "acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly." *Hodges*, 833 S.W.2d at 901.

A defendant acts "recklessly," under Tennessee law, if it "is aware of, but consciously disregard[s], a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances." *Id.* (citation omitted); *see also Lawson v. Hawkins Cnty.*, 661 S.W.3d 54, 61 (Tenn. 2023). "[R]ecklessness contains an awareness component similar to intentional conduct which is not demanded of negligence." *Lawson*, 661 S.W.3d at 61 (quoting *Doe 1 ex rel. Doe 1 v. Roman Cath. Diocese of Nashville*, 154 S.W.3d 22, 39 (Tenn. 2005)). The law "imposes a significantly higher burden than is required for mere negligence." *Id.* (quoting *Doe 1*, 154 S.W.3d at 39); *see also Twenty Holdings, LLC v. Land S. TN, LLC*, No. M201801903COAR3CV, 2019 WL 4200970, at *11 (Tenn. Ct. App. Sept. 5, 2019).

Here, once the Court strips away the "legal conclusions" in the Complaint "masquerading as factual allegations," the Complaint fails to allege sufficient facts for the Court to infer that either Defendant is liable for punitive damages under Tennessee law. *See Willman*, 972 F.3d at 823 (quotations and citation omitted). Boiled down, the facts in the Complaint allege that Collins "failed to adjust his speed" and was "unable" to "stop" the tractor-trailer [*Id.* ¶¶ 33, 38]. The complaint offers no facts—nothing "egregious"—to support the conclusory assertion that Collins "drove in a reckless manner" or was "gross[ly] negligen[t]" [*See* Doc. 1 ¶¶ 88(i), 92]. *See Anderson v. U.S.A. Truck, Inc.*, No. W200601967COAR3CV, 2008 WL 4426810, at *15 (Tenn. Ct. App. Oct. 1, 2008) (affirming directed verdict on punitive damages in vehicle accident case

5

because "there was no evidence of any extenuating circumstances, such as the involvement of drugs or alcohol, to justify a finding of 'reckless' or 'grossly negligent' behavior" by the driver (citation omitted)); *see also Twenty Holdings*, No. M201801903COAR3CV, 2019 WL 4200970, at *12. The Complaint suffers from the same defect as it relates to CTC's actions that purportedly establish an entitlement to punitive damages [*See* Doc. 1 ¶¶ 73, 81, 92, 98, 105-107].

Merely asserting that Defendants were "grossly negligent" or "reckless" is not enough to state an entitlement to punitive damages. *See Caraway*, 98 F.4th at 683. The Complaint must include facts that would permit the Court to infer as much. And those facts are absent from this Complaint. Similarly, assertions that Defendants "knowingly, intentionally, recklessly, and/or willfully disregarded" regulations and "conscious[ly] disregard[ed]" the "life and safety" of others, without facts to support these conclusory assertions "will not suffice" [*See* Doc. 1 ¶¶ 106-107]. *See Willman*, 972 F.3d at 823 (cleaned up).

To be sure, the Complaint alleges safety-related "violations" by unidentified drivers CTC employs or employed [*See* Doc. 1 ¶ 77]. But without connecting those purported violations to Collins or CTC's conscious absence of action with respect to Collins, they fail to plausibly show any substantial and unjustifiable risk as it relates to this case. *See, e.g.*, *Womack v. Gettelfinger*, 808 F.2d 446, 454 (6th Cir. 1986) (noting that "[c]onceptually," "gross negligence in the entrustment of [a] tractor trailer to a known incompetent could justify an award of punitive damages even without gross negligence on the part of the driver himself"); *cf Ali v. Fisher*, 145 S.W.3d 557, 560, 565 (Tenn. 2004) (affirming punitive damages award where vehicle owner entrusted vehicle to someone with a suspended license, knowing that the individual had a "history of substance abuse and prior criminal record"). And without knowing when the violations took place or how they tie to this action, the violations show no more than a "mere possibility" that

6

CTC was aware of general issues among its employees at the relevant time. *See Iqbal*, 556 U.S. at 679. That is not enough to establish an entitlement to punitive damages under Tennessee law. *See Hodges*, 833 S.W.2d at 901.

Likewise, the fact that the relevant tractor-trailer was "out-of-service" for maintenance issues ***after*** the wreck does not present awareness of a substantial and unjustifiable risk before the wreck [*See* Doc. 1 ¶ 76]. And isolated references to the "Federal Motor Carrier Safety Administration Regulations" or "out-of-service rate[s]" without a connection to the facts of this case and the Defendants' actions do not move the needle on punitive damages [*See* Doc. 1 ¶¶ 75, 106]. Tennessee law requires more. *See Hodges*, 833 S.W.2d at 901 (requiring a defendant to be "aware of, but consciously disregard[], a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care" (citation omitted)).

### III. Conclusion

At bottom, the Complaint does not allege sufficient facts for the Court to infer that either Defendant acted in a way that could entitle Plaintiffs to punitive damages. "Threadbare recitals of the elements of a cause of action and conclusory statements won't do." *Caraway*, 98 F.4th at 683 (cleaned up). Accordingly, the Court **GRANTS** the "Motion for Partial Dismissal Or, In the Alternative, Motion for Summary Judgement [sic]" [Doc. 31] **in part** and **DISMISSES** Plaintiffs' claims for punitive damages.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge